IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

**FILED**

**February 24, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ASHLEE M. SELLARS, | ) | |
| | ) | |
| Appellant, | ) | No. E1999-00356-CCA-R3-PC |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Richard Baumgartner, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

J. Liddell Kirk
706 Walnut Street, Suite 902
Knoxville, TN 37902

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
R. Stephen Jobe
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Randall E. Nichols
District Attorney General
        and
William H. Crabtree
Assistant District Attorney General
Post Office Box 1468
Knoxville, TN 37901-1468

OPINION FILED:_____

REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Ashlee M. Sellars, appeals as of right from the Knox

County Criminal Court's dismissal of her petition for post-conviction relief. On January

30, 1998, the petitioner pled guilty to facilitation of felony murder, a Class A felony, and especially aggravated robbery, a Class A felony. The trial court sentenced her to concurrent twenty-five year terms. The trial court dismissed the post-conviction petition for failing to state a claim for relief. The petitioner contends that the trial court erred in dismissing her petition without an evidentiary hearing because it stated a colorable claim. She claims that her guilty pleas were not knowing and voluntary because they resulted from emotional coercion from her mother the night before she entered her plea. The state contends that the petitioner failed to allege a violation of her constitutional rights. We reverse the trial court's dismissal of the petition and remand the case for an evidentiary hearing.

The petitioner filed a pro se petition. The trial court appointed counsel, and the attorney amended the petition. The amended petition alleges that the petitioner, who was nineteen at the time of her plea, did not knowingly and voluntarily plead guilty. It claims that the petitioner had insisted upon proceeding to trial until the day before her guilty plea. Her attorney explained the plea offer that day and strongly advised her to accept it. When she refused, her attorney asked her mother to help convince her to plead guilty. That night, her mother, crying hysterically, begged her to accept the state's offer. As a result of this pressure, the petitioner agreed to plead guilty. The petition also alleges that at the time she pled guilty, the petitioner:

> was afraid and confused about what was going on around her, and not in a clear frame of mind. She did not fully understand and appreciate the consequences of her waiver of her constitutional rights against self-incrimination and her due process rights to a fair jury trial.

The trial court dismissed the petition, finding that the facts, taken as true, failed to show that the petitioner was entitled to relief.

The trial court is required to dismiss a petition for post-conviction relief after its preliminary consideration if the facts alleged, taken as true, "fail to show that the petitioner is entitled to relief." Tenn. Code Ann. § 40-30-206(f). Post-conviction relief is only available when the petitioner's conviction or sentence is void or voidable due to the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-203. A guilty plea must be voluntarily, knowingly, and understandingly entered before a conviction thereon can comply with due process. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.

2

Ct. 1709, 1712 (1969). A guilty plea is not voluntary "if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712).

We cannot say that a guilty plea resulting from coercion by a family member could never be involuntary, especially when combined with allegations of mental confusion. The state argues that although an involuntary guilty plea resulting from coercion violates due process, due process protects individuals from overbearing action by the state, not third parties. However, our analysis of whether a guilty plea is involuntary does not turn upon the source of the coercion. The standard for assessing the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Blankenship, 858 S.W.2d at 904 (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). Thus, our focus is upon the accused. The petitioner's allegation that her guilty plea was involuntary because she was coerced by her mother and confused states a colorable claim for post-conviction relief. We also note that although not argued at the motion hearing or in the briefs, the petitioner alleges that she was not competent to appreciate the consequences of her waiver of her right against self-incrimination and to a jury trial. This allegation presents a colorable claim as well. Thus, the petitioner is entitled to the opportunity to prove her allegations in an evidentiary hearing.

Based upon the foregoing and the record as a whole, we reverse the trial court's dismissal of the petition and remand the case for an evidentiary hearing.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

3

_____
Norma McGee Ogle, Judge